No. 06-14-00205-CR

In the Court of Appeals Sixth Appellate
District of Texas at
Texarkana, Texas

RECEIVED IN
The Court of Appeals
Sixth District

FEB 1 9 2015

Texarkana, Texas
Debra Autrey, Clerk

FILED IN
The Court of Appeals
Sixth District

FEB 1 9 2015

Texarkana, Texas
Debra K. Autrey, Clerk

Rocky Lee Ellinger
Appellant

vs.

The State of Texas
Appellee

Appealed from the 276th Judical District Court
Marion, County, Texas
Trial Cause No. F14503

Pro Se Brief of Appellant In Support of
Motion for Time Extension and Supplementation
Of Appellate Record.

Submitted by:
Rocky Lee Ellinger
Appellant (pro se)
Bradshaw State Jail
Box 9000
Henderson, Texas
75653

Appellant does not request Oral Argument

Identities of Parties and Counsel
Pursuant to TRAP 38.1(a)


Appellant: Rocky Lee Ellinger #1964270 (Pro Se)
Pro Se      Bradshaw State Jail Facility
            Box 9000
            Henderson, Texas    75653

Appellant's Counsel for Appellant at trial and on Appeal:

    Atty:   James P. Finstrom
            Box 276
            Jefferson, Texas    75657

State's Counsel at trial and on appeal:

    Hon. Angela Smoak, County Attourney
         102 W. Austin St.
         Jefferson, Texas    75657

Trial Judge:

    Hon. Robert Rolston, Judge
         276th Judical District Court
         Marion County, Texas

## Table of Contents
## Pursuant to TRAP 38.1(b)

Page:

Identity of Parties and Counsel          2

Table of Contents          3

Index of Authorities          5
Statement of the Case          6
Issue Presented          8

Issue No. 1 : Does the issue of whether the record is complete have merit on appeal ?

Issue No. 2 : Does the issue whether the trial court had jurisdiction have merit on appeal ?

Issue No. 3 : Does the issue whether the Appealant's guilty plea at original trial was voluntarily made before being placed on probation have merit on appeal ?

~~Summary of the Argument~~

Issue No. One (restated)

Does the issue of whether the record is complete have merit on appeal?

Summary of the Argument          8

Argument (Issue No. 1)          10

Issue No. Two (restated)     10

Does the issue whether the trial court had jurisdiction have merit on appeal?

Summary of the Argument     11

Argument (Issue No. 2)     11

Issue No. Three     12

Does the issue whether the Appealant's guilty plea at original trial was voluntarily made before being put on probation have merit on appeal?

Summary of the Argument (Issue No. 3)     12

Argument (Issue No. 3)     13

Prayer     14

Certificate of Service     15

Unsworn Declaration     16

Index of Authorities
Pursuant to TRAP 38.1(c)

Cases:

Sankey v. State of Texas  3 S.W. 3d 43                    10

Taylor v. State of Texas  482 S.W. 2d 246                11

Ramirez v. State of Texas  486 S.W. 2d 373              11

Ex Parte Chavez  482 SW 2d 175                          12

Martinez v. State of Texas  494 S.W 2d 545             13

Statues:

T.C.C.P. § 26.13                                        13

T.R.A.P.  34.6(b)                                       9,12

T.R.A.P.  34.6(d)                                       9,12

5

## Statement of the Case
### Pursuant to T.R.A.P. 38.1(d)

Appellant waived indictment and entered a plea of guilty on December 13, 2013, to an information alleging the state jail felony offense of credit card abuse on October 9, 2013, and recieved a two (2) year state jail sentence probated for 3 years and a $300.00 fine. (CR 11-12) On July 16, 2014, Appellee filed State's Petition to Revoke Probated Judgement. (CR 14-16) On November 14, 2014, Appellant entered a plea of true to alleged violations in the Petition to Revoke Appellant's probation, sentencing him to 2 years confinement in state jail. (RR 36, - CR 19-20) Appellant gave timely pro se notice of appeal on November 18, 2014. (CR 21) Counsel ~~filed~~ was appointed to represent Appellant on Appeal on December 1, 2014. (CR 23) Counsel filed Brief of Appeallant and motion to withdraw from the case

6

on January 16, 2015. Appellant recieved a copy of Counsel's Brief of Appellant in Support of Motion to Withdraw, Motion to Withdraw as Counsel for Appellant, Copy of the Clerk's Record, and a copy of Reporter's Record and proceeds with the following Pro Se Brief of Appellant.

## Issue Presented
### Pursuant to TRAP 38.1 (e)

Issue No.1: Does the issue whether the record is complete have merit on appeal?

Issue No.2: Does the issue of whether the trial court have jurisdiction have merit on appeal?

Issue No. 3: Does the issue whether the Appellant's guilty plea was voluntarily made before being placed on probation have merit on appeal?

## Summary of The Argument
### Pursuant to TRAP 38.1(g)

Appelant contends that the appealate record is incomplete to allow him to determine if there are any potential issues or defects in his guilty plea. Furethermore, without a valid guilty plea the trial court would not have jurisdiction in the matter of revokation of his probation. Appealant also contends that whether his guilty plea

8

at original trial was ~~not~~ knowingly and voluntarily made is able to be considered in conection on appeal of ~~conviction~~ order of judgement revoking his probation. These issues have merit. An extension of time to prepare a supplemental brief and supplement the record is also appropriate: Pursuant to T.R.A.P. 34.6 (b) (3) and 34.6 (d).

Argument
Pursuant to TRAP 38.1(h)
Issue No.1
(restated)

Appellant complains that the Reporter's Record is missing on/and absent from appellate record in regards to the original trial. (see RR) Without the record Appellate is unable to raise any claims for review including attacks on the trial court's jurisdiction and voluntariness of guilty plea. The record is a condition precedent to an appeal and without the record it is impossible to determine whether there are any potential issues or defects in the plea. (see Sankey vs Texas 3 S.W. 3d, 43) This claim must be addressed on its merits. (see Sankey vs Texas 3 Sw 3d, 43)

Issue No.2
(restated)

Does the issue of whether the trial court had jurisdiction have merit on appeal?

10

Summary of the Argument
Pursuant to TRAP 38.1(g)

See Summary presented for issue No.1 above

Argument
Pursuant to TRAP 38.1(h)
Issue NO. 2

Appellant contends that errors exist at original trial rendering his conviction and the judgement and order placing him on probation invalid ~~would~~ that would establish the fact that the trial court lacked jurisdiction At a revokation hearing. Alleged errors at appellants' original trial may not ordinarily be raised at his revokation of probation (see Taylor vs State Tx Crim App.- 482 SW 2d, 246) However, if appealant contends that he was not properly admonished or without counsel then to require a habeus corpus proceeding to attack such a conviction would require a useless thing. (see Ramirez vs State Tx Crim. App. 486 SW 2d - 373)

failure to comply with the admonishment requirements of C.C.P 26.13 is fundamental error subject to attack via habeus corpus (see Ex Parte Chavez Tx Crim App 482 sw 2d 175) Therefore this issue has merit on this present appeal and is proper for consideration on appeal of judgement entered in connection with probation revokation proceedings (see Martinez vs State TxCr App 1973 494 sw 2d 545) An extension of time to prepare a supplemental Brief and obtain complete Reporter's Record is appropriate Pursuant to TRAP 34.6(b) and 34.6(d)

## Issue No. 3
### (restated)
~~see Summary of Issue No.1 Above~~

Does the issue whether the Appeallant's guilty plea at original trial voluntarily made before being placed on probation have merit on appeal?

### Summary of the Argument
### pursuant to T.RAP 38.1(g)

12

see summary for issue No. 1 above

Argument
Pursuant TRAP 38.1(h)
Issue NO. 3

Appellant contends that errors exist in q regards to his guilty plea at original trial, and that his guilty plea was involuntarily made. Admonishment requirements of CCP 26.13 were not followed, but the record on appeal is incomplete and does not allow appellant to raise the issue of errors at original trial. Claims that admonishment upon probationer's plea of guilty at original trial was insufficient under C.C.P. 26.13 is proper for consideration on appeal on judgement entered in revocation of probation proceedings. (see Martinez vs State (Tx. Cr. App 1973) 494 SW 2d 545) Time extension and supplementation of the record is appropriate. Issue has Merit.

## Prayer

Upon the issues presented, Appellant Rocky Lee Ellinger (pro se), is of the opinion that Appellant's appeal has merit and prays the court grant an extension of time to prepare supplemental brief, time to order supplementation of the record, and allow appellant to dismiss appellant Counsel for incompetence and proceed pro se. Appellant prays court to grant relief to which Appellant may be entitled.

Humbly, Cordially, and Respectfully Submitted,

ROCKY Ellinger
Rocky Lee Ellinger (pro se)
#1964270
Bradshaw State Jail
Box 9000
Henderson, Texas
75653

## Certificate of Service

I certify that I Rocky Lee Ellinger, Appellant, (pro se) have deliverd a true copy of this pro se brief to the Sixth Appellate District of Texarkana, Texas by United States Mail, first class postage prepaid this 14th day of Feburary, 2015.

- ROCKY Ellinger
# 1964270
Bradshaw State Jail
Box 9000
Henderson, Texas
75653

15

Unsworn Declaration of Inmate

I Rocky Lee Ellinger, an inmate at Bradshaw State jail do here by swear and affirm under penalty of perjury that the information contained in the foregoing pro se Brief of Appellant and Request for Extension of time is true and correct to the best of my knowledge.

sworn and signed
This 14th day of Feburary, 2015.

ROCKY Ellinger
#1964270
Bradshaw State Jail
Box 9000
Henderson, Texas
75653

No. 06-14-00204-CR

In the Court of Appeals Sixth Appellate
District of Texas
At Texarkana, Texas

Rocky Lee Ellinger
Appellant

VS.

The State of Texas
Appellee

To Said Honorable Court:

Motion for Time Extension and Order to
Supplement Appeal Record

Rocky Lee Ellinger, pro se, moves the Court to

grant a 30 day time extension to prepare

Appealant brief and obtain appeallant record.

Pursuant T.R.A.P. 34.5(c) - 34.6(d) - 34.6(b)

There have been no previous extensions granted

by the court. The Appellant Prays court grants

His motion.

Respectfully Submitted,
Rocky Lee Ellinger (pro se)
Box 9000
Henderson, Tx 75653

Certificate of Service

I, Rocky Ellinger, certify that I have delivered copy of Motion for extension of time and order for Supplement the record to Appedls Court Sixth District Texarkana, Texas.

This 15th day of Feburary, 2015.

x  ROCKY Ellinger
   Bradshaw State Jail
   Box 9000
   Henderson Texas
   75653